**Cynthia F. NORDSTROM, Appellant,**

v.

**Peter J. NORDSTROM, Appellee.**

No. 01-96-00956-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 6, 1997.

Rehearing Overruled Jan. 20, 1998.

Dianne Richards, Houston, for Appellant.

David B. Black, Houston, for Appellee.

Before SCHNEIDER, C.J., and TAFT and ANDELL, JJ.

## OPINION

TAFT, Justice.

Appellant, Cynthia F. Nordstrom (Cynthia), appeals from a child support modification order. Trial was to the court. We consider whether the trial court erred by (1) not requiring appellee, Peter J. Nordstrom (Peter), whose monthly net resources exceed $6,000, to pay additional child support above the statutory guidelines; (2) not ordering an increase in child support to begin retroactively; (3) not awarding a child support judgment against appellee for medical expenses; and (4) not awarding attorney's fees to Cyn-

thia as the prevailing party, and instead awarding them to appellee. We affirm.

## Factual Background

The parties were married on June 20, 1975. Their daughter and only child was born June 4, 1984. The parties divorced on October 20, 1989. Soon after the divorce, both Cynthia and the child moved from Houston to Virginia when Cynthia, an attorney, found a job with the Federal Energy Regulatory Commission in Washington, D.C. In 1992, Cynthia purchased a lot and built a home in a Virginia suburb. The child has lived with Cynthia since the divorce. Peter is employed as an executive at Shell Oil. He is able to see his daughter seven or eight times a year. He is based in Houston, but worked in Holland during 1995.

## Procedural Background

The agreed decree of divorce designated Cynthia managing conservator and Peter possessory conservator. In addition, the decree ordered Peter to (1) pay Cynthia $1,000 per month in child support; (2) maintain medical and dental insurance for the child; and (3) pay for one-half of the child's uninsured medical and dental expenses.

On October 11, 1994, Cynthia filed a motion to modify the original decree. She alleged that a material and substantial change had occurred to a party subject to the earlier order, and requested an increase in Peter's child support obligation.[1] She asked that the increase be applied retroactively to the filing date of that motion, and that she be awarded attorney's fees. She later filed a motion for contempt and clarification, in which she requested that Peter be held in contempt for failing to comply with the original order, and, alternatively, requested that a child support judgment be assessed against Peter for medical insurance premiums and out-of-pocket costs he had failed to cover.

In January of 1996, the parties tried the case to the court, which later granted a new trial. The second trial, the one from which Cynthia appeals, was held on March 15 and 20, 1996. The case was again tried to the court. The trial court ordered that (1) Peter's child support obligation be increased to $1,200 per month, (2) he pay one-half of any necessary tutoring costs, (3) he reinstate health insurance coverage for the child and pay one-half of all uninsured medical costs, and (4) certain funds deposited by him pursuant to the parties' agreement and in satisfaction of his medical expense obligation be held in trust until the child reaches majority. The court also denied Cynthia's requests for retroactive application of the increase, attorney's fees, and contempt, and awarded Peter $8,600 in attorney's fees.

In the court's judgment and in separate findings of fact, the court found that (1) a material and substantial change in circumstances had occurred; (2) the amount ordered in the original decree was no longer in substantial conformity with the child support guidelines of the Family Code;[2] (3) the increased award of $1,200 pursuant to the Guidelines was appropriate; (4) Peter's monthly net resources equaled $7,654.66, and Cynthia's $5,444.00; (5) Cynthia failed to present sufficient evidence to cause the court to vary from the guidelines in assessing child support beyond the $6,000 ceiling;[3] and (6) retroactive application of the increase to the date of filing was unsupported by the evidence.

## Standard of Review

A court's child support order will not be disturbed on appeal unless the com-

---

1. At trial, the parties stipulated that the circumstances of the child or person affected by the order had materially and substantially changed since the order was rendered. *See* TEX. FAM.CODE ANN. § 156.401 (Vernon 1996) (court may modify existing child support order if circumstances of party or child have materially and substantially changed).

2. The Family Code guidelines provide that the amount of support for one child should equal 20% of the obligor's first $6,000 in monthly net resources. TEX. FAM.CODE ANN. § 154.125 (Vernon 1996). The Court found that Peter's monthly net resources exceeded $6,000, and pursuant to the statute ordered $1,200 per month in support, or 20% of his first $6,000 in net resources.

3. TEX. FAM.CODE ANN. § 154.126 (Vernon 1996) (court may order support above the guideline amount when obligor's net resources exceed $6,000, depending on income of parties and proven needs of the child).

plaining party shows that the order constituted a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). Once the court determines a material and substantial change has occurred, the extent of the alteration of the amount of child support also lies within the court's discretion. *Farish v. Farish*, 921 S.W.2d 538, 541 (Tex. App.—Beaumont 1996, no writ). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied). In making this determination, the reviewing court must view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *Id.* Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the decision. *Id.*

### Failure to Award Support Above Guideline Amounts

In her first point of error, Cynthia claims the trial court abused its discretion in failing to award additional support above the statutory percentage guidelines, as the court may do if the obligor's net resources exceed $6,000. TEX. FAM.CODE ANN. § 154.126 (Vernon 1996). Her point of error states that (1) she conclusively proved, as a matter of law, additional support should have been awarded pursuant to that section, or, alternatively, (2) it was against the greater weight and preponderance of the evidence not to award additional support. However, under an abuse of discretion standard, legal and factual insufficiency are not independent, reversible grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion. *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ). Therefore, we will consider the legal and factual sufficiency of the evidence supporting the trial court's findings, utilizing the appropriate and well known standards of review, in disposing of Cynthia's first point of error.

### A. The Family Code

The Family Code allows courts to modify child support orders whenever there has been a material and substantial change in the circumstances of the child, or a person affected by a support order. TEX. FAM.CODE ANN. § 156.401(a) (Vernon 1996). If the amount of support contained in an order does not substantially conform with the guidelines, the court may modify the order to conform with the guidelines if the modification is in the best interest of the child. TEX. FAM.CODE ANN. § 156.402(b) (Vernon 1996). At trial, the parties stipulated that a material and substantial change had occurred.

The Code provides a bifurcated analysis in setting child support, depending on whether an obligor has net monthly resources above or below $6,000. Although the court may consider a wide range of factors in setting support obligations for persons who have less than $6,000 in monthly net resources, the Code provides a much narrower method for calculating the support obligation when an obligor's monthly net resources exceed $6,000, as they do in this case. TEX. FAM. CODE ANN. §§ 154.123, 154.126 (Vernon 1996); *see Rodriguez v. Rodriguez*, 860 S.W.2d 414, 418 (Tex.1993) (holding that, absent contrary explanation by trial court in findings of fact, presumptive award may encompass other factors not limited to the needs of the child). The pertinent section concerning the calculation of support for one who has more than $6,000 in monthly net resources reads as follows:

(a) If the obligor's net resources exceed $6,000 per month, the court shall presumptively apply the percentage guidelines to the first $6,000 of the obligor's net resources. Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child.

(b) The proper calculation of a child support order that exceeds the presumptive amount established for the first $6,000 of the obligor's net resources requires that the entire amount of the presumptive award be subtracted from the proven total

needs of the child. After the presumptive award is subtracted, the court shall allocate between the parties the responsibility to meet the additional needs of the child according to the circumstances of the parties. However, in no event may the obligor be required to pay more child support than the greater of the presumptive amount or the amount equal to 100 percent of the proven needs of the child.

TEX. FAM.CODE ANN. § 154.126 (Vernon 1996). Section (a) grants the court discretion to order additional amounts over and above the presumptive award, depending on the income of the parties and the proven needs of the child.[4] TEX. FAM.CODE ANN. § 154.126(a) (Vernon 1996). If the court awards more, section (b) requires that the court first determine the proven needs of the child. TEX. FAM.CODE ANN. § 154.126(b) (Vernon 1996). If the needs of the child exceed the presumptive award, the court must subtract the presumptive award from those needs. TEX. FAM. CODE ANN. § 154.126(b). The court must then allocate between the parties the responsibility to meet the additional needs of the child, depending on the circumstances of the parties. TEX. FAM.CODE ANN. § 154.126(b). However, the court is forbidden from requiring the obligor to pay more than 100% of the proven needs of the child. TEX. FAM.CODE ANN. § 154.126(b).

█ What constitutes "needs" of the child has not been defined by statute or by case law. See Rodriguez, 860 S.W.2d at 417 n. 3. However, the needs of the child are not limited to the "bare necessities of life." Id.

In evaluating the needs of the child, and, thus, the exercise of the court's discretion in determining those needs, we are guided by the paramount principle in child support decisions: the best interest of the child. Id.

## B. The Evidence

At trial, Cynthia introduced, without objection, an exhibit listing her necessary monthly living expenses, and the portion of those amounts attributable to the child. The list includes 23 separate items, including, among other things, the house payment, home equity loan, insurance, food, clothing, entertainment, and school expenses. For seven of those expenses, she attributed one-half or close to one-half of the monthly total to the child. These include: (1) the home equity loan ($380 total, $190 child); (2) the house payment ($2,000 total, $1,000 child); (3) home maintenance expenses ($200 total, $100 child); (4) food ($550 total, $275 child); (5) utilities ($330 total, $150 child); (6) car insurance on two vehicles ($126 total, $63 child); and (7) automobile expenses including gas, maintenance, parking and oil ($300 total, $150 child). The total amount listed for monthly expenses is $5,987.00, with $3,615.00 attributable to the child. In addition, the list includes several items which were separately addressed in the court's order. Cynthia listed her monthly medical insurance costs at $91, with $65 attributable to the child. She also listed monthly tutoring expenses at $360, attributing that amount to the child. In the court's order, Peter was ordered to cover the child under his insurance policy, and was

---

4. An earlier version of the statute in effect between 1989 and 1993 read: "Without further reference to the percentage recommended by these guidelines, *the court may order additional amounts of child support as proven, depending on the needs of the child at the time of the order."* Act of June 14, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex. Gen. Laws 113, 282, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 2030, 2039 (emphasis added). In *Rodriguez,* the supreme court held that, based on the statute, a decision to award additional support above the presumptive award could be based solely on the needs of the child. The court reasoned that the needs of the child is the *only* factor to be considered, because when the legislature codified the 1987 judicial guidelines, it eliminated "the lifestyle to which the child had become accustomed" and "the income

of the parties" as factors in determining additional support. *See Rodriguez v. Rodriguez,* 860 S.W.2d 414, 416–417 (Tex.1993). The court also reasoned that specific statutes prevail over general ones, and that, because this section addresses additional support for an obligor with net resources over $4,000 (now $6000), other sections of the code which provided factors to be considered in setting child support were not applicable. *Id.* The legislature has now reintroduced "income of the parties" into the analysis. Based on the supreme court's earlier interpretation of the statute and the clear language of the current statute, we hold that "income of the parties" and "proven needs of the child" are the only factors to be considered in awarding additional support over the presumptive amount for an obligor with over $6,000 in monthly net resources. *See id.;* TEX. FAM.CODE ANN. § 154.126 (Vernon 1996).

ordered to pay one-half of all tutoring expenses.

However, on cross-examination, Peter called into question several expenses alleged by Cynthia. She attributed one half of her insurance on two cars to the child, but did not know how much of that amount is attributable to their main vehicle, a Pathfinder, or to the Volvo she is keeping for the child to drive when she reaches driving age. She also asked for an amount to cover maintenance on the Volvo for the child, but admitted that the child would not receive her driver's licence for two and one-half years. She attributed one-half of her work-related parking costs to the child, but then testified that it was not a direct expense for the child. She also testified that at least half, or 10,000 miles, of her yearly driving was attributable to the child, and not to her trips to and from work. However, she later admitted that she did not actually know how many of those miles were attributable to the child. She testified that $150 a month in utilities should be attributed to the child, regardless of what the bills actually were in a particular month. She stated that, when added together, the percentage of her earnings she dedicated to housing costs was higher than 43%, and that she believes, "you spend what you have to spend to buy a house." Finally, she admitted that several of the checks she included in her food expense calculations may have been written for cash, and not for groceries.

In addition to the child's needs, the court heard testimony concerning Peter's income, including deferred income accounts and additional income provided to him by his employer to offset a cost of living increase during his year in Holland. Peter testified that his base salary was $125,500 per year. Cynthia's yearly salary is $84,053 per year.

### C. Waiver

A significant portion of the trial testimony focused on the calculation of Peter's income and assets. In its findings of fact, the court found Peter's net monthly resources to be $7,654. However, Cynthia does not raise the improper calculation of Peter's net resources as a point of error on appeal. In her brief, Cynthia asserts that "[n]eedless to say his monthly net resources exceed $6,000 a month but the finding of the Court of $7,654 seems to be on the low side." Material findings of fact must be challenged by appropriate points of error in an appellant's brief, or the appellant is bound by those findings. *Cohen v. Sims*, 830 S.W.2d 285, 287 (Tex.App.—Houston [14th Dist.] 1992, writ denied). To the extent Cynthia invites this Court to review the trial court's findings concerning Peter's net monthly resources, we decline, because she has waived any error on this point.

### D. Propriety of $1,200 Award

Cynthia argues that the trial court's order was unreasonable because the court acted without reference to the guiding principles of section 154.126 of the Family Code. She correctly states that, when determining whether to order support over the presumptive amount for one who has monthly net resources above $6,000, the court must look to the (1) income of the parties and (2) the proven needs of the child. TEX. FAM.CODE ANN. § 154.126. However, she contends that the trial court abused its discretion in failing to award additional support because (1) she proved the needs of the child to be $3,615.00 and (2) she proved Peter's ability to pay more than the presumptive amount.

Cynthia contends that she *conclusively* proved that the needs of the child equaled $3,615.00. She refers us to *Melody v. Texas Society of Professional Engineers* for the proposition that an interested witness who is *not contradicted* by any other witness and is *free from suspicion, may* be taken as true as a matter of law. 421 S.W.2d 693, 695 (Tex. Civ.App.—Dallas 1967, no writ). She contends that, because she testified to and provided documentation of the needs of the child, without contradiction by Peter, she proved the child's needs as a matter of law. However, the trial court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 530 (Tex.App.—Houston [1st Dist] 1994, no writ). The trial court may take into consideration all the facts and surrounding circumstances in connection with

the testimony of each witness, and accept or reject all or any part of that testimony. *Id.*

Contrary to Cynthia's assertions, Peter's trial counsel questioned her extensively concerning her alleged expenses, and elicited conflicting responses on several occasions. The trial court found that she failed to present sufficient evidence to vary the award from the suggested guidelines, but did not make a finding as to what the proven needs of the child actually were. The court may have found Cynthia's evidence and testimony unpersuasive, it may have decided not to consider the expenses already provided for in the order, or it may have found the amounts allocated to the child excessive. Notwithstanding the needs Cynthia may have proven, section 154.126 vests the court with the *discretion* to award additional amounts. TEX. FAM.CODE ANN. § 154.126. It *mandates* only that the court consider the needs of the child and the parties' income in arriving at that decision, and that the amount allocated to the obligor not exceed the proven needs of the child. TEX. FAM.CODE ANN. § 154.126. Therefore, even if Cynthia did conclusively prove the needs of the child, it was within the court's discretion to refuse to award additional support. TEX. FAM.CODE ANN. § 154.126.

Cynthia also argues that the court abused its discretion by not properly considering Peter's income in determining whether to award additional child support. In her brief, she claims it was unreasonable to require her to provide for the additional needs of the child when Peter's income was at least twice as much as her own. However, we have already found that no abuse of discretion

occurred in determining the needs of the child. If the court believed Cynthia had proved any unmet needs, it must have also believed that she was able to meet those needs. Section 154.126 allows the court, based on the circumstances of the parties, to allocate between the parties any amount remaining after the presumptive award is subtracted from the needs of the child. TEX. FAM.CODE ANN. § 154.126. During her testimony, Cynthia agreed that, if the 20% guideline amount were applied to *her* net resources, the resulting amount would be $1,092 per month. When added to Peter's $1,200 obligation, the total would be $2,292 per month for the support of the child. In its discretion, the court could have found this amount sufficient to satisfy any needs Cynthia actually proved. In addition, according to the undisputed findings of the trial court, Peter did not make twice as much as Cynthia. His net resources were calculated to be $7,654.77, and hers $5,444.00. Net resources include 100% of all wage and salary income, and all other income actually received. TEX. FAM.CODE ANN. § 154.062(a) (Vernon 1996). Therefore, his income, from whatever source, was not twice as much as hers.

We overrule Cynthia's first point of error.

**Retroactive Increase**

■ In her second point of error, Cynthia asserts the trail court erred in failing to order that the increased child support begin retroactively on the date the motion to modify was filed, because Peter failed to prove such an award would not work a hardship on him. She bases this argument on sections 156.401 [5] and 154.131 [6] of the Family Code

---

**5.** Section 156.401 reads in pertinent part:
(a) Except as provided by Subsection (b), the court may modify an order that provides for the support of a child if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition.
(b) A support order may be modified only as to obligations accruing after the earlier of: (1) the date of service of citation; or (2) an appearance in the suit to modify.
TEX. FAM.CODE ANN. § 156.401 (Vernon 1996).

**6.** Section 154.131 reads in full:
(a) The child support guidelines are intended to guide the court in determining the amount of retroactive child support, if any, to be ordered.

(b) In ordering retroactive child support, the court shall consider the net resources of the obligor during the relevant time period and whether: (1) the mother of the child had made any previous attempts to notify the biological father of his paternity or probable paternity; (2) the biological father had knowledge of his paternity or probable paternity; (3) the order of retroactive child support will impose an undue financial hardship on the obligor or the obligor's family; and (4) the obligor has provided actual support or other necessaries before the filing of the action.
TEX. FAM CODE ANN. § 154.131 (Vernon 1996).

154.131, which she claims should be read together.

Cynthia asserts that, once the obligee pleads for retroactive child support, these sections shift the burden to the obligor to prove (1) the existence of a financial hardship and (2) that he provided necessaries to the child. Cynthia claims she is entitled to the retroactive award because, after she requested retroactive support back to the date of filing, Peter failed to present any evidence that a retroactive award would impose an undue hardship upon him.

While section 156.401 empowers the trial court to modify support orders retroactively, the application of the provision is not mandatory, but, rather, is left to the broad discretion of the trial court. *Willis v. Willis,* 826 S.W.2d 700, 702 (Tex.App.—Houston [14th Dist.] 1992, no writ) (interpreting earlier version of statute). It is imperative that the trial judge have broad discretion to decide whether all of the facts and circumstances necessitate and justify a retroactive award of support. *Holley,* 864 S.W.2d at 707. Assuming, but not deciding, that Cynthia presents a valid argument, she asks this Court to remove the trial court's discretion, and substitute for it a burden-shifting analysis in which the court must award the modified amount retroactively if the obligor fails to meet an evidentiary burden clearly absent from the statutory language.[7] Section 156.401 states only that the court *may* modify an order if a material and substantial change in circumstances exists, and allows modification only for those obligations accruing after the date of service or an appearance in the suit. TEX. FAM.CODE ANN. § 156.401 (Vernon 1996). Section 154.131, titled "Application of Guidelines to Retroactive Support," merely lists factors which the court must consider in determining whether to order retroactive support, if at all. TEX. FAM.CODE ANN. § 154.131 (Vernon 1996). Nowhere in either statute do we find an affirmative evidentiary burden that the obligor must meet once the obligee has requested retroactive support. Nor are we able to locate, by reading the

statutes together, language which would justify removing the trial court's discretion, and requiring it to automatically award the retroactive amount to the obligee upon the obligor's inability to meet such an evidentiary burden.

We hold that the court did not abuse its discretion in not awarding the modified amount of support retroactively. The trial court found that Cynthia's request for the retroactive modification was unsupported by the evidence. The court had before it two days of testimony and several binders of exhibits detailing the circumstances of the parties. However, the record reflects that only once was the *need* for a retroactive award discussed, and then only in a passing reference to the fact that Cynthia was indeed seeking a retroactive modification back to the date the motion to modify was filed. To justify such an award, the evidence must directly support a retroactive modification. *See Grundy v. Grundy,* 589 S.W.2d 776, 778 (Tex.Civ.App.—Dallas 1979, no writ).

We overrule Cynthia's second point of error.

### Child Support Judgment

■ In her fourth point of error, Cynthia claims that the trial court erred by not granting a child support judgment against Peter for medical expenses he was required to pay pursuant to the divorce decree, but has not. While the motion to modify was pending before the trial court, Cynthia filed a motion for contempt and clarification, in which she requested that Peter be held in contempt for failing to comply with the original order which required him to (1) maintain medical insurance for the child and (2) pay for a portion of all out-of-pocket medical expenses. In the alternative, she requested a child support money judgment in the amount of $5,312.69, representing premium payments and costs paid by Cynthia between January 1991 and January 1996. Peter introduced into evidence a letter, dated February 15,

---

7. Because we find that the trial court did not abuse its discretion in refusing to award the retroactive modification, we do not decide whether section 154.131 is applicable in claims for retroactive *modification,* as opposed to a trial court's decision to make an *initial* retroactive award of child support against an obligor not subject to an existing support order.

1991, in which the parties agreed that Peter would cease carrying the child on his insurance policy, and would instead deposit into an account on a monthly basis sums to cover this cost. Cynthia would, from that point on, pay for the child's insurance costs, and large medical expenses would be paid out of the account. If a substantial sum accumulated over a period of time, they agreed to allow the child to borrow from the principal, which would eventually be applied to her educational expenses after reaching 18. At trial, conflicting testimony was heard as to the manner in which Peter complied with his monthly obligations. Peter produced statements from three accounts, totaling $4,543.85, which he alleged represented the total amount of his accrued obligations pursuant to that agreement. In its judgment, the trial court denied Cynthia's motion for contempt, and found those sums to represent his court-ordered obligation to cover unreimbursed medical expenses and costs to maintain medical insurance on the child for the years 1991 through 1995. The trial court awarded the accounts to the child as her separate property, to be held in trust by Peter until the child attains majority.

Cynthia argues that, because the trial court did not award her a child support judgment as authorized by section 157.261 of the Family Code,[8] it effectively reduced the arrearage of a child support order as prohibited by section 157.262 of the Code.[9] We do not reach her argument because we find she was estopped from bringing this point of error. At trial, Cynthia testified as follows:

Q: In reference to the monies that Mr. Nordstrom has in an account or appears in an account on Exhibit 18 and 19, are you asking that those can be paid in satisfaction into a trust if it's irrevocable, that he can not take it back himself?

A: Yes.

Q: In other words, it may remain in a trust in your daughter's name but you would need some control over it to make sure he can not withdraw it; is that correct?

A: Yes.

A party cannot encourage the court to take a particular action and then complain on appeal that the court erred by taking it. *Metzger v. Sebek,* 892 S.W.2d 20, 42 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

We overrule Cynthia's fourth point of error.

### Attorney's Fees

■ In her third point of error, Cynthia claims that the court erred by awarding Peter attorney's fees when she was the prevailing party on the motion to modify, and because awarding attorney's fees against the managing conservator could not be for the benefit of the child. The trial court awarded Peter $8,600 in attorney's fees. Cynthia had requested that she be awarded attorney's fees, but the court denied her request. Cynthia makes no complaint as to the presentation of, or the proof supporting, Peter's attorney's fees at trial. Reasonable attorney's fees may be taxed as costs in actions brought under the Family Code. TEX. FAM.CODE ANN. § 106.002 (Vernon 1996). The award of attorney's fees in a suit affecting the parent-child relationship is within the sound discretion of the trial court. *Bruni v. Bruni,* 924 S.W.2d 366, 368 (Tex.1996). Deciding which litigant is a "successful party" is often a difficult task in family law cases. *Billeaud v. Billeaud,* 697 S.W.2d 652, 655 (Tex.App.—Houston [1st Dist.] 1985, no writ). In some instances, attorney's fees may be awarded as costs even against the successful party if based on the best interest of the child. *Marichal v. Marichal,* 768 S.W.2d 383, 385 (Tex.

8. Section 157.261–Unpaid Child Support as Judgment
A child support payment not timely made constitutes a final judgment for the amount due and owing, including interest as provided in this chapter.
TEX. FAM.CODE ANN. § 157.261 (Vernon 1996).

9. Section 157.262–Reduction of Arrearages

(a) In a contempt proceeding or in rendering a money judgment, the court may not reduce or modify the amount of child support arrearages.
(b) The money judgment for arrearages rendered by the court may be subject to a counterclaim or offset as provided by this subchapter.
TEX. FAM.CODE ANN. § 157.262 (Vernon 1996).

App.—Houston [14th Dist.] 1989, writ denied).

We are unwilling to find that the trial court abused its discretion in awarding attorney's fees to Peter. In the proceedings below, Cynthia requested the trial court to (1) modify Peter's child support obligation from $1,000 per month to $3,615 per month; (2) retroactively apply that increase back to the date the motion was filed; (3) hold Peter in contempt for failing to pay for medical costs and insurance; (4) award a money judgment against Peter for the medical costs; and (5) award attorney's fees to her. The trial court denied her requests for a retroactive award, contempt, and for attorney's fees. The court did modify Peter's original support obligation, but only to the amount to which the parties had stipulated before trial. Also, although the court did award the dedicated accounts to the child, it did not award Cynthia the money judgment she had requested. Those accounts had been previously created and dedicated to the child's support, as found by the trial court. The court's order did require that those amounts be held in trust, but for all intents and purposes, maintained the status quo. After comparing the relief requested by Cynthia with the relief actually granted by the court, we cannot say that the trial court abused its discretion in awarding attorney's fees to Peter.

We overrule Cynthia's third point of error.

## Conclusion

We affirm the trial court's judgment.