NUMBER 13-99-262-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


9101 RICHMOND, INC. 

AND PETER VILANDOS
, Appellants,


v.



GREENBERG & COMPANY, INC.
, Appellee.

__________________________________________________________________


On appeal from the 11th District Court


of Harris County, Texas.


__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Yañez, and Kennedy(1)


Opinion by Justice Kennedy



 This case was tried before the court. Appellant is Peter Vilandos
(Vilandos) who owned a piece of real estate in Harris County. Appellee
is Greenberg and Company, a commercial real estate broker, hereinafter
"Greenberg." The trial court entered judgment for appellee in the
amount of $19,500 against the appellant and escrow agent, payable out
of escrowed funds and an award of $3,750 as attorney's fees against
appellant. Appellee belately filed a brief herein.(2)

 Vilandos and Greenberg entered into a real estate listing
agreement whereby Greenberg was to find a buyer for a piece of real
estate, hereinafter "the property," owned by Vilandos. At the time of
the signing, Greenberg was aware that Vilandos had a tenant on the
property, Discount Tire Company (Discount Tire), and that Discount Tire
had a preemptive right, i.e., first refusal to purchase the property, which
was a right to meet any purchase price offer by any third party in order
to buy the property.

 Greenberg was unable to find a buyer for the property during the
six-month term of the agreement and it was mutually terminated. 
Subsequently, Greenberg notified Vilandos of a prospective buyer,
James F. Eubank, II (Eubank), and drafted an earnest money contract
between Vilandos and Eubank for the sale of the property for $650,000. 
Because this sum was less than what was originally sought, Greenberg
agreed to reduce his commission to three percent. Vilandos signed this
contract.

 Before the closing of the sale by Vilandos to Eubank, Discount Tire
announced its intent to exercise its option to purchase the property. It
is at this point that the source of the controversy began. 

 In order to effectuate the sale from Vilandos to Eubank, Greenberg
sent a notice to Discount Tire asking if they intended to exercise their
purchase option. Discount Tire replied in the affirmative. Greenberg
then proceeded to send an earnest money contract to Discount Tire,
which, after some changes were made, Discount Tire signed and
returned to Greenberg, however, Vilandos never signed the instrument. 
The sale by Vilandos to Discount Tire was completed.

 At the conclusion of the evidence the trial judge stated:

 THE COURT: The issue in this case involves whether or
not ­ the determinative issue in this case is
whether or not by bringing the Eubank
contract in that led to Discount Tire to
exercise its right of first refusal, which they
were not required to do until such a time as
Mr. Eubank signed plaintiff's Exhibit 1,
entitles the plaintiff to an earnest money
contract ­ I mean to a real estate
commission. That is the position taken by
Mr. ­ by plaintiff in this case that when Mr.
Vilandos and Mr. Eubank signed the
contract which entitled him to a
commission whether or not that led to an
entitlement of the plaintiff to a commission
paid by the defendant at such a time as the
property sold to Discount Tire because of
the or pursuant to their exercising their right
of first refusal which was not triggered until
plaintiff's Exhibit 1 was received.


 

 I conclude that at that point the contract
was earned and therefore render judgment
in favor of the plaintiff and against the
defendants in the amount of . . .


 Appellant's brief brings four points of error, as follows:

 1. The trial court erred in determining that Eubank was a
ready, willing, and able purchaser of the real property
at issue, because Eubank terminated his earnest money
contract with Peter Vilandos.


 2. The trial court erred in determining that the contract
commission was earned at the point where Eubank
and Vilandos signed the contract, because the contract
was contingent upon a closing.


 3. The trial court erred in determining that Greenberg was
the procuring cause of the sale between Discount Tire
and Vilandos, enabling him to a three percent
commission, because the earnest money contract was
subject to Discount Tire's preemptive right.


 4. The trial court erred in entitling Greenberg and
Company to a three percent commission for the sale of
the property, purchased by Discount Tire, because no
earnest money contract existed entitling Greenberg to
any commission for the transaction between Vilandos
and Discount Tire.


We grant the relief sought in points of error two, three, and four for the
reasons set out later. First, we recognize the law which governs the
trial of a case by a judge without a jury. In a bench trial, the trial judge
passes on the witnesses' credibility and the weight given the
witnesses' testimony, and can reject or accept any witness's testimony
in whole or in part. Nordstrom v. Nordstrom, 965 S.W.2d 575, 580-81
(Tex. App.--Houston [1st Dist.] 1997, pet. denied). When, as here, the
record contains the reporter's record of the trial, the trial court's implied
findings may be challenged for legal and factual sufficiency, under the
same standards that govern challenges to a jury's findings. (citation
omitted). The appellant's burden on appeal is to show that the
judgment of the court below cannot be sustained by any theory raised
by the evidence. Friedmand v. New Westbury Village Assoc.,787
S.W.2d 154,157 (Tex. App. -Houston [1st Dist.] 1990, no writ).

 Appellant has met this burden in the case before us. There was
no contract between appellee and appellant concerning the sale of the
property to Discount Tire. Appellant had not only the right, but also the
duty to sell to Discount Tire upon demand independent of anything
Greenberg did. Greenberg's production of Eubank no doubt precipitated
the sale to Discount Tire but a commission for such action was not
contemplated by the language of any agreement between Greenberg
and Vilandos. We hold that the judgment of the trial court cannot be
sustained by any theory raised by the evidence.

 We REVERSE AND RENDER the judgment below and order that
appellee take nothing either by way of commission or attorney's fees. 
Costs of appeal are adjudged against appellee.

 

 NOAH KENNEDY,

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 31st day of August, 2000.


1. Retired Justice Noah Kennedy assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't
Code Ann. § 74.003 (Vernon 1998). 

2. Appellee filed a brief just eight days short of a year after he
received a copy of appellant's brief. The brief is late and we decline
to consider it. Tex. R. App. P. 38.6(b).

.