NUMBER 13-99-262-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

___________________________________________________________________


9101 RICHMOND, INC. 

AND PETER VILANDOS,                                                       Appellants,

 

                                                   v.

 

GREENBERG &
COMPANY, INC.,                                             Appellee.

___________________________________________________________________


                         On appeal from the 11th District Court

                                   of Harris County, Texas.

___________________________________________________________________


                                   O P I N I O N

 

                    Before Justices Dorsey,
Yañez, and Kennedy[1]

                                 Opinion by
Justice Kennedy

 








This case was tried
before the court.  Appellant is Peter
Vilandos (Vilandos) who owned a piece of real estate in Harris County.  Appellee is Greenberg and Company, a
commercial real estate broker, hereinafter AGreenberg.@  The trial court entered
judgment for appellee in the amount of $19,500 against the appellant and escrow
agent, payable out of escrowed funds and an award of $3,750 as attorney=s fees against appellant. 
Appellee belately filed a brief herein.[2]

Vilandos and Greenberg
entered into a real estate listing agreement whereby Greenberg was to find a
buyer for a piece of real estate, hereinafter Athe property,@ owned by Vilandos.  At the time
of the signing, Greenberg was aware that Vilandos had a tenant on the property,
Discount Tire Company (Discount Tire), and that Discount Tire had a preemptive
right, i.e., first refusal to purchase the property, which was a right to meet
any purchase price offer by any third party in order to buy the property.

Greenberg was unable
to find a buyer for the property during the six-month term of the agreement and
it was mutually terminated. 
Subsequently, Greenberg notified Vilandos of a prospective buyer, James
F. Eubank, II (Eubank), and drafted an earnest money contract between Vilandos
and Eubank for the sale of the property for $650,000.  Because this sum was less than what was
originally sought, Greenberg agreed to reduce his commission to three percent.  Vilandos signed this contract.

Before the closing of
the sale by Vilandos to Eubank, Discount Tire announced its intent to exercise
its option to purchase the property.  It
is at this point that the source of the controversy began.  








In order to effectuate
the sale from Vilandos to Eubank, Greenberg sent a notice to Discount Tire
asking if they intended to exercise their purchase option.  Discount Tire replied in the
affirmative.  Greenberg then proceeded to
send an earnest money contract to Discount Tire, which, after some changes were
made, Discount Tire signed and returned to Greenberg, however, Vilandos never
signed the instrument.  The sale by
Vilandos to Discount Tire was completed.

At the conclusion of
the evidence the trial judge stated:

THE COURT:          The issue in this case involves
whether or not B the determinative issue in this case is whether or not by bringing
the Eubank contract in that led to Discount Tire to exercise its right of first
refusal, which they were not required to do until such a time as Mr. Eubank signed  plaintiff=s Exhibit 1, entitles the plaintiff to an earnest money contract B I mean to a real estate commission. 
That is the position taken by Mr. B by plaintiff in this case that when Mr. Vilandos and Mr. Eubank
signed the contract which entitled him to a commission whether or not that led
to an entitlement of the plaintiff to a commission paid by the defendant at
such a time as the property sold to Discount Tire because of the or pursuant to
their exercising their right of first refusal which was not triggered until
plaintiff=s Exhibit 1 was
received.

 

I conclude that at that point the contract was earned and therefore
render judgment in favor of the plaintiff and against the defendants in the
amount of . . .

 

Appellant=s brief brings four points of error, as follows:

1.       The trial court erred in determining that
Eubank was a ready, willing, and able purchaser of the real property at issue,
because Eubank terminated his earnest money contract with Peter Vilandos.

 

2.       The trial court erred in determining that
the contract commission was earned at the point where Eubank and Vilandos
signed the contract, because the contract was contingent upon a closing.

 








3.       The trial court erred in determining that
Greenberg was the procuring cause of the sale between Discount Tire and
Vilandos, enabling him to a three percent commission, because the earnest money
contract was subject to Discount Tire=s preemptive right.

 

4.       The trial court erred in entitling
Greenberg and Company to a three percent commission for the sale of the
property, purchased by Discount Tire, because no earnest money contract existed entitling Greenberg to any commission for the
transaction between Vilandos and Discount Tire.

 

We grant the relief sought in points of error
two, three, and four for the reasons set out later.  First, we recognize the law which governs the
trial of a case by a judge without a jury. 
In a bench trial, the trial judge passes on the witnesses= credibility and the weight given the witnesses= testimony, and can reject or accept any witness=s testimony in whole or in part. 
Nordstrom v. Nordstrom, 965 S.W.2d 575, 580-81 (Tex. App.BHouston [1st Dist.] 1997, pet. denied).  When, as here, the record contains the
reporter=s record of the trial,
the trial court=s implied findings may be challenged for legal and factual sufficiency,
under the same standards that govern challenges to a jury=s
findings.  (citation
omitted).  The appellant=s burden on appeal is to show that the judgment of the court below
cannot be sustained by any theory raised by the evidence.  Friedmand v.
New Westbury Village Assoc.,787
S.W.2d 154,157 (Tex. App.BHouston [1st Dist.] 1990, no writ).








Appellant has met this
burden in the case before us.  There was
no contract between appellee and appellant concerning the sale of the property
to Discount Tire.  Appellant had not only
the right, but also the duty to sell to Discount Tire upon demand independent
of anything Greenberg did.  Greenberg=s production of Eubank no doubt precipitated the sale to Discount Tire
but a commission for such action was not contemplated by the language of any
agreement between Greenberg and Vilandos. 
We hold that the judgment of the trial court cannot be sustained by any
theory raised by the evidence.

We REVERSE AND RENDER
the judgment below and order that appellee take nothing either by way of
commission or attorney=s fees.  Costs of appeal are
adjudged against appellee.

  

NOAH
KENNEDY,

Retired
Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this the 6th day of
December, 2002.

 











[1] Retired
Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code Ann. ' 74.003 (Vernon 1998).


 





[2] Appellee
filed a brief just eight days short of a year after he received a copy of
appellant=s
brief.  The brief is late and we decline
to consider it.  Tex. R. App. P. 38.6(b).

.