# NO. 12-16-00246-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | *§* | *APPEAL FROM THE* |
| *OF H.N.B.,* | *§* | *COUNTY COURT AT LAW* |
| *A CHILD* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

C.L.B. appeals the termination of his parental rights. In two issues, he challenges the legal and factual sufficiency of the evidence to support the trial court's termination order. We affirm.

### BACKGROUND

C.L.B. is the father of H.N.B.[1] On August 10, 2015, the Department of Family and Protective Services (the Department) filed an original petition for protection of H.N.B., for conservatorship, and for termination of C.L.B.'s parental rights. The Department was appointed temporary managing conservator of the child, and C.L.B. was allowed limited access to, and possession of, the child.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that C.L.B. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (O) and (Q) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between C.L.B. and H.N.B. was in the child's best interest. Based on these findings, the trial

---

[1] The trial court found that the mother of the child, A.N.D., executed an unrevoked or irrevocable affidavit of relinquishment of parental rights, found that termination between A.N.D. and the child was in the child's best interest, and ordered that the parent-child relationship between A.N.D. and the child be terminated. The mother is not a party to this appeal.

court ordered that the parent-child relationship between C.L.B. and H.N.B. be terminated. This appeal followed.

## TERMINATION OF PARENTAL RIGHTS

Involuntary termination of parental rights embodies fundamental constitutional rights. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.–Austin 2000), *pet. denied per curiam*, 53 S.W.3d 684 (Tex. 2001); *In re J.J.*, 911 S.W.2d 437, 439 (Tex. App.–Texarkana 1995, writ denied). Because a termination action "permanently sunders" the bonds between a parent and child, the proceedings must be strictly scrutinized. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.–El Paso 1998, no pet.).

Section 161.001 of the family code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2016); *In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.–Waco 1999, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the second subsection of the statute. TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2016); *Green v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 219 (Tex. App.–El Paso 2000, no pet.); *In re J.M.T.*, 39 S.W.3d at 237. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2016); *In re J.M.T.*, 39 S.W.3d at 237. Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; *Wiley*, 543 S.W.2d at 351; *In re J.M.T.*, 39 S.W.3d at 237.

The clear and convincing standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; *In re J.J.*, 911 S.W.2d at 439. Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014). The burden of proof is upon the party seeking the deprivation of parental rights. *In re J.M.T.*, 39 S.W.3d at 240.

## STANDARD OF REVIEW

When confronted with both a legal and factual sufficiency challenge, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619

S.W.2d 400, 401 (Tex. 1981); *In re M.D.S.*, 1 S.W.3d 190, 197 (Tex. App.–Amarillo 1999, no pet.). In conducting a legal sufficiency review, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*.

The appropriate standard for reviewing a factual sufficiency challenge to the termination findings is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In determining whether the fact finder has met this standard, an appellate court considers all the evidence in the record, both that in support of and contrary to the trial court's findings. *Id*. at 27-29. Further, an appellate court should consider whether disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 580 (Tex. App.–Houston [1st Dist.] 1997, pet. denied).

## TERMINATION UNDER SECTION 16.001(b)(1)(Q)

In his second issue, C.L.B. argues that the evidence is legally and factually insufficient to terminate his parental rights pursuant to Texas Family Code Section 161.001(b)(1)(Q). More specifically, he contends that the trial court did not properly consider the relevancy and weight of the likelihood that he would be paroled. He does not challenge the trial court's finding that termination is in the child's best interest.

**Applicable Law**

The court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent has knowingly engaged in criminal conduct that has resulted in the parent's (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. TEX. FAM. CODE ANN. § 161.001(b)(1)(Q) (West Supp. 2016). "[I]f a parent is convicted and sentenced to serve at least two years and will be unable to provide for his or her child during that time, the

3

[Department] may use subsection Q to ensure that the child will not be neglected." ***In re A.V.***, 113 S.W.3d 355, 360 (Tex. 2003).

In some cases, neither the length of the sentence nor the projected release date is dispositive of when the parent will in fact be released from prison. ***In re H.R.M.***, 209 S.W.3d 105, 108 (Tex. 2006). Thus, evidence of the availability of parole is relevant to determine whether the parent will be released within two years. ***Id.*** at 109. Mere introduction of parole related evidence, however, does not prevent a fact finder from forming a firm conviction or belief that the parent will remain incarcerated for at least two years. ***Id.*** Parole decisions are inherently speculative, and the decision rests entirely within the parole board's discretion. *See id.*; ***In re R.A.L.***, 291 S.W.3d 438, 443 (Tex. App.—Texarkana 2009, no pet.); ***In re K.R.M.***, 147 S.W.3d 628, 630 (Tex. App.—San Antonio 2004, no pet.) (stating that a father's "hope that he might be granted early release is pure speculation"). If the mere possibility of parole prevents the fact finder from ever forming a firm belief or conviction that a parent will remain incarcerated for at least two years, then termination under subsection Q will occur only when the parent has no possibility of parole. ***In re H.R.M.***, 209 S.W.3d at 109. This would impermissibly elevate the Department's burden of proof from clear and convincing to beyond a reasonable doubt. ***Id.***

Once the Department has established a parent's knowing criminal conduct resulting in his incarceration for more than two years, the burden shifts to the parent to produce some evidence as to how he will arrange to provide care for the child during that period. ***Hampton v. Tex. Dep't of Protective & Regulatory Servs.***, 138 S.W.3d 564, 567 (Tex. App.—El Paso 2004, no pet.); ***In re Caballero***, 53 S.W.3d 391, 396 (Tex. App.—Amarillo 2001, pet. denied). When that burden of production is met, the Department is then required to persuade the court that the stated arrangements would not satisfy the parent's burden to the child. ***Hampton***, 138 S.W.3d at 567; ***In re Caballero***, 53 S.W.3d at 396.

<u>Analysis</u>

C.L.B. challenges only the part of subsection (b)(1)(Q) that requires he be imprisoned for not less than two years from the date of filing the petition. He does not challenge that part of the subsection that requires his inability to care for the child during that period. The record shows that the Department's original petition for termination of C.L.B.'s parental rights was filed on

4

August 10, 2015. It also shows that C.L.B. was charged with the felony offense of burglary of a habitation, pleaded guilty, and was sentenced to eight years of imprisonment on January 6, 2016.

At trial, a Department caseworker stated that to her knowledge, C.L.B.'s earliest projected parole date was April 2018. However, C.L.B. testified that his next parole date was March 2017. It would be his second parole date, having been denied parole in March 2016. He stated that at the time of trial, he was in a trustee camp and working as a janitor. According to C.L.B., being in a trustee camp would increase his chances with the parole board. However, the evidence also showed that he had been confined, incarcerated, or in "SAFP," a substance abuse felony punishment facility, from October 2014 until the time of trial. Finally, C.L.B. appears to argue in his brief that his time credits would increase the likelihood that he would be released before the two year statutory period. The record showed that he was credited with approximately 511 days at the time of his adjudication.

From this evidence, a reasonable fact finder could have determined that the Department filed its petition on August 10, 2015, that C.L.B. was convicted of burglary of a habitation on January 6, 2016, and that he was sentenced to eight years of imprisonment. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(Q). The fact finder could have also formed a firm belief or conviction that C.L.B.'s earliest projected paroled date was April 2018, that he had already been denied parole once, and that his belief that he would be granted parole before the two year statutory limit expired was unlikely and speculative at best. *See id.* Therefore, we hold that the evidence, viewed in the light most favorable to the finding, was sufficiently clear and convincing that a reasonable trier of fact could have formed a firm belief or conviction that C.L.B. knowingly engaged in criminal conduct that has resulted in his conviction of an offense, and imprisonment and inability to care for H.N.B. for not less than two years from the date of filing the petition. *See In re J.F.C.*, 96 S.W.3d at 266.

Although there is conflicting evidence that C.L.B. had over a year of time credits, and that being housed in a trustee camp could increase his chances with the parole board, a reasonable fact finder could have resolved these conflicts in favor of its finding. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(Q). While there is some disputed evidence, this evidence is not so significant that a reasonable trier of fact could not have reconciled this evidence in favor of its finding and formed a firm belief or conviction that C.L.B. knowingly engaged in criminal conduct that has resulted in his conviction of an offense, and imprisonment and inability to care

5

for his child for not less than two years from the date of filing the petition. *See **In re C.H.***, 89 S.W.3d at 25.

Therefore, we hold that the evidence is legally and factually sufficient to support termination of C.L.B.'s parental rights under Section 161.001(b)(1)(Q). Accordingly, we overrule C.L.B.'s second issue.[2]

## DISPOSITION

Having overruled C.L.B.'s second issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered February 15, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] Because we have concluded that the evidence is legally and factually sufficient to support termination of C.L.B.'s parental rights under subsection (b)(1)(Q), we need not address his first issue regarding subsection (b)(1)(O). *See* TEX. FAM. CODE ANN. § 161.001(b)(1); TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 15, 2017**

**NO. 12-16-00246-CV**

**IN THE INTEREST OF H.N.B., A CHILD**

Appeal from the County Court at Law
of Anderson County, Texas (Tr.Ct.No. CCL-15-14827)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*