Ernest G. GRANDINETTI, Appellant,

v.

Juliette Marie GRANDINETTI, Appellee.

No. A2390.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 21, 1980.

Jacalyn D. Scott, Bonham, Carrington & Fox, Adrian M. Burk, Houston, for appellant.

Ronald J. Sommers, Bernus Wm. Fischman, Lackshin & Nathan, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the provisions of a judgment of divorce concerning child support and attorney's fees. We reverse and remand on the issue of child support and affirm the award of attorney's fees.

The parties entered into an agreement establishing appellant as managing conservator of the parties' three teenage children and appellee as possessory conservator. The remaining issues of child support, division of the property, and attorney's fees were tried to the court without a jury.

■ Appellant contends that, as a matter of law, the trial court abused its discretion in refusing to order appellee to pay child support once financial need and ability to pay were established. We agree.

■ Tex.Fam.Code Ann. § 4.02 (Vernon Supp. 1979) provides that ". . . each parent has the duty to support his or her minor child." [Emphasis added.] Tex. Const. art. I, § 3a provides that "[e]quality under the law shall not be denied or abridged because of sex. . . ." We have previously held that these provisions in our statutes and Constitution do not require "mathematically equal contributions" for the support of the children of the marriage. It does, however, obligate each parent to contribute money or services to the support and maintenance of the children according to the respective ability of each parent and the needs of the children. *Friedman v. Friedman*, 521 S.W.2d 111 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ). "The best interest of the child shall always be the primary consideration of the court in determining questions of . . . support of the child." Tex.Fam.Code Ann. § 14.07(a) (Vernon 1975). The duty of each parent to support his or her minor children is not dependent alone upon each spouse's current earnings. The court should consider the financial resources available to each parent, the respective obligations borne by each parent, nonfinancial contributions made and the standard of living to which the children have been accustomed. *Hazelwood v. Jinkins*, 580 S.W.2d 33 (Tex. Civ.App.-Houston [1st Dist.] 1979, no writ).

■ Each case involving child support must stand on its own facts, and the trial court is, by necessity, clothed with broad discretion. *Brito v. Brito*, 346 S.W.2d 133 (Tex.Civ.App.-El Paso 1961, writ ref'd n.r. e.); *Thompson v. Thompson*, 572 S.W.2d 761 (Tex.Civ.App.-Tyler 1978, no writ). The trial court's determination of how much child support is appropriate will not be disturbed absent a clear showing of abuse. *Labowitz v. Labowitz*, 542 S.W.2d 922 (Tex.Civ.App.-Dallas 1976, no writ).

The record before us reveals that the division of the marital estate left both parties with substantial assets. Additionally, both parties appear to have fairly substantial income from salaries, rentals, and investments, although appellant's income is significantly higher than that of appellee. The most compelling evidence, however, of appellee's ability and willingness to pay child support was the following testimony from appellee, herself, solicited by the questioning of her attorney:

Q . . . [W]hat do you feel is a reasonable figure for you to pay on child support, given your $856 income per month?

A Well, I think I could afford about 15% of my salary.

Q Would you agree to $50 per child and also the medical and hospitalization policy and keep that in effect which is also about $50?

A Yes.

Q So, $150 a month?

A Yes.

Appellee's admission of ability to contribute monetarily was not contingent upon the property division but, rather, was based upon her monthly salary. Here, appellant has been saddled with the brunt of both the financial and non-financial support obligations as managing conservator in spite of appellee's expressed willingness and ability to assist. In view of this evidence, an extensive review of appellee's ability to support is not required. We recognize that the trial court's judgment regarding child sup-

port orders will not be disturbed absent a clear showing of abuse. *Labowitz v. Labowitz, supra.* However, we hold that, under the facts of this case, the trial court did abuse its discretion in refusing to order appellee to pay child support, and we reverse and remand this portion of the cause for further determination of her ability to contribute.

Appellant further assigns as error the award of appellee's attorney's fees against appellant. The award of attorney's fees, as well as the amount thereof, are matters left to the sound discretion of the trial judge and are but factors "to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all the surrounding circumstances." *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950); *Williams v. Williams*, 537 S.W.2d 107 (Tex.Civ.App.-Tyler 1976, no writ); Tex.Fam.Code Ann. § 3.63 (Vernon 1975). Based on the greater award of community property to appellant and the other circumstances surrounding this case, we hold that the trial court did not abuse its discretion.

Affirmed in part and reversed and remanded in part.