Sally Nash HOURIGAN, Appellant,

v.

James Terrence HOURIGAN, Appellee.

No. 7015.

Court of Appeals of Texas,
El Paso.

June 30, 1981.

Kern & Rosen, P. C., Ruth Kern, Stanley W. Rosen, El Paso, for appellant.

Guevara, Rebe & Baumann, Sal Rebe, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Justice.

This is a divorce case in which the only issue on appeal is with respect to the division of property. We affirm the judgment of the trial Court.

The parties were married on February 26, 1956, and separated on June 6, 1979. The husband filed this suit based on the grounds of insupportability and abandonment. The wife cross-actioned on the ground of insupportability. They have one minor child, a girl, who was born in September, 1971. There is no dispute as to the custody of their minor child, and the Court appointed the husband as managing conservator. The husband earns approximately $1415.36 net each month as an engineer. The wife earns a monthly net income of about $720.00 as a secretary. Both parties are in good health.

In a non-jury trial, the Court awarded the husband the homestead appraised at $27,800.00, all the household goods valued at $2,100.00, a 1974 Toronado automobile worth about $1,800.00, a $500.00 U.S. bond, $4,300.00 from the savings account, and a pension plan valued at $5,720.00. Additionally, the Court ordered that the child be named as beneficiary of the four insurance policies and ordered the husband to pay the premiums. The Court further awarded to the husband a rental home, net value of $19,000.00, which was to be administered by him in support of their daughter. When the obligation to support ceased, the rental home was to be sold and the wife was to receive the first $10,000.00 of the cash proceeds. The husband was ordered to pay all transportation expenses incurred when the parties' daughter visited her mother in Alaska. The wife was awarded the 1977 Aspen automobile and her personal property.

There are no findings of fact and conclusions of law in this case, and in the absence thereof we must presume that the trial Court took into consideration the entire circumstances of the parties in dividing their property. *Musslewhite v. Musslewhite*, 555 S.W.2d 894, 897 (Tex.Civ.App.—Tyler 1977, writ dism'd). Further, the evidence and all reasonable inferences must be drawn in a light most favorable to the Appellee. *Robbins v. Robbins*, 601 S.W.2d 90, 91 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

Appellant's single point of error complains that the trial Court abused its discretion in the division of the community property. When a divorce is based upon both no fault and fault grounds, the trial court may consider the fault of one spouse in breaking up the marriage when making a property division. *Murff v. Murff*, 615 S.W.2d 696, 1981. In this case, there was

evidence presented that the wife abandoned her husband and child which the court could properly consider. The Court in *Murff* stated:

> The Texas Family Code sec. 3.63 provides for the division of the parties' property upon divorce:
>
> > In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.
>
> The trial court has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W.2d 21 (1923).
>
> Numerous courts of civil appeals decisions have recognized that a trial court may consider the disparity of incomes or of earning capacities of the parties in dividing the estate of the parties. The cases cited in the margin recognize that community property need not be equally divided. In exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). These cases further indicate that the trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. We believe that the consideration of such factors by the trial court is proper in making a 'just and right' division of the property. Likewise, the consideration of disparity in earning capacities or of incomes is proper and need not be limited by 'necessitous' circumstances. [Footnote omitted]

■ When dividing the property, the trial Court considered the parties' duty of support of their eight-year-old daughter.

The wife testified that she could not afford to make child support payments. She also said that she should not have to make such payments since the husband's salary was almost twice as much as her own. Each parent has the duty to support his or her minor child. Tex.Fam.Code Ann. sec. 4.02 (Supp.1980). In order to enforce this duty, the court may order either or both parents to make periodic payments or lump sum payments, or both, for the child's support until the child reaches eighteen years of age. Tex.Fam.Code Ann. sec. 14.05(a). Although the duty of support is imposed equally between both parties, the court need not divide this obligation equally in terms of monetary contributions. The relative value of non-monetary services of the parent who is appointed managing conservator, as well as the relative capabilities of the parties, should be considered in ordering a payment of child support. *Hazelwood v. Jinkins*, 580 S.W.2d 33, 36 (Tex.Civ.App.—Houston [1st District] 1979, no writ).

■ From the record and the judgment, the trial Court in this case indicated that the wife's duty of support would be in a lump sum payment from her share of the community property in lieu of periodic payments. Although the wife may have had difficulty in making periodic child support payments from her current income, her share of the community assets could be reached in order to discharge her duty of support. *Musick v. Musick*, 590 S.W.2d 582, 586 (Tex.Civ.App.—Tyler 1979, no writ); *Ondrusek v. Ondrusek*, 561 S.W.2d 236, 238 (Tex.Civ.App.—Tyler 1978, no writ).

■ The fact that the husband could support their child from his current earnings without any outside contribution does not relieve the wife of her obligation of support. *See: Grandinetti v. Grandinetti*, 600 S.W.2d 371, 372 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The record shows that tuition is being paid for private school, and also reveals the cost of clothing, lunches, transportation and housing for an eight-year-old child. There was testimony that the cost of raising their daughter until eighteen years of age would be the dis-

counted figure between $45,000.00 and $46,-000.00. Moreover, in this instance, the husband was appointed managing conservator, and, from the evidence in the record, he provides most of the non-monetary services. These services are a very real and important part of the support of their child.

Consequently, we conclude that the wife failed to show any abuse of discretion of the trial court. The Appellant's point of error is overruled.

The judgment of the trial Court is affirmed.