**Jean ORSAK, Appellant,**

v.

**Otto ORSAK, Appellee.**

**No. 05–81–01249–CV.**

Court of Appeals of Texas, Dallas.

Nov. 17, 1982.

Larry Feldman, Dallas, for appellant.

Bill Fitzgerald, Fitzgerald, Meissner, Augustine & Alexander, Austin, for appellee.

Before ROBERTSON, FISH and ALLEN, JJ.

TED Z. ROBERTSON, Justice.

This is an appeal from an order modifying child custody and support. Jean Orsak was appointed managing conservator of one of Jean and Otto Orsak's two children. The court ordered that Jean Orsak, appellant, "be solely responsible for the support of Jena Lee Orsak, for whom she is managing conservator."[1] An identical order was entered that Otto Orsak, appellee, be solely responsible for the support of Julie Anne Orsak, the couple's other child, for whom he was managing conservator. Appellant complains that the trial court abused its discretion by ordering that appellant be

solely responsible for the support of Jena because the order is contrary to section 4.02 of the Family Code and impermissibly extinguishes appellee's statutory duty to support Jena. Appellant also urges that there is no evidence to support the trial court's finding that it was in Jena's best interest that appellant be solely responsible for her support. We hold that the order complained of is consistent with the parameters of section 4.02 and does not extinguish appellee's duty to support Jena. We also overrule appellant's point of error that complains of the trial court's finding that it was in Jena's best interest that appellant be solely responsible for Jena's support.

Section 4.02 of Tex.Fam.Code Ann. (Vernon Supp.1982) provides that "each parent has the duty to support his or her minor child." It is clear that under section 4.02, a trial court must order the payment of child support "once financial need and ability to pay [are] established." *Grandinetti v. Grandinetti,* 600 S.W.2d 371, 372 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). However, "each case involving child support must stand on its own facts, and the trial court is, by necessity, clothed with broad discretion." *Id.* Section 4.02 does not require the trial court to apportion the liability for the support of each child equally to both parents. *See Jackman v. Jackman,* 533 S.W.2d 361, 364 (Tex.Civ. App.—San Antonio 1975, no writ). Rather, the decision of the court should be based upon due consideration of the circumstances of custody and the relative financial obligations of the parties. Each party was shown to have been capable of providing support for the child for whom he or she was appointed managing conservator. In light of this, the fact that neither appellant or appellee was ordered to pay cross-support does not constitute an abuse of discretion.

We also disagree with appellant's argument that the order complained of impermissibly extinguishes appellee's statutory duty to support Jena. While the order does impose the support duty for Jena upon the

---

**1.** The appellee, however, was ordered to provide funds for the dental care of Jena Lee Orsak.

**568**

appellant, it does not relieve the appellee of his duty in the event that "financial need and the ability to pay [are] established." *Grandinetti v. Grandinetti,* 600 S.W.2d 371, 372 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). In the event that Jena should be in need of support from her father, the trial court may modify the decree and order such support. *See Strauss v. Strauss,* 619 S.W.2d 18, 19 (Tex.Civ.App.— Corpus Christi 1981, no writ); Tex.Fam. Code Ann. § 14.08(c) (Vernon Supp.1982). Appellant's first point of error is overruled.

■ Appellant's second point of error urges that there is no evidence to support the trial court's finding that it was in Jena's best interest that appellant be solely responsible for her support. We disagree. It is clear that Jena's "best interest" is to be fully and adequately supported. The fact that the trial court ordered appellant rather than appellee to provide that support does not bear directly upon the issue of what Jena's "best interests" are except to the extent that the parent ordered to provide support could not adequately do so. Since the record supports the conclusion that the appellant is fully capable of providing support for Jena, appellant's second point of error is overruled and the judgment is affirmed.

Affirmed.